IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLARENCE HENRY DANIELS, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:07-CV-308 (WDO) |
| Lieutenant McKISSEY, *et al.*, | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **CLARENCE HENRY DANIELS**, an inmate at Montgomery State Prison in Mount Vernon, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint (Tab # 8).

*I. STANDARD OF REVIEW*

    *A.  28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

In his pleadings, plaintiff makes several generalized allegations concerning his treatment at the Georgia Diagnostic and Classification Prison ("GDCP"), where plaintiff was confined from April 18 until May 29, 2007. In particular, plaintiff asserts claims relating to slow legal mail, confiscation of "legal materials," and deprivation of food. Named as defendants are James E. Donald, Commissioner of the Georgia Department of Corrections ("GDOC"), and GDCP employees Warden Hall, Lieutenants Williams and McKissey, Sergeant Nimms, and Counselor Veal. Plaintiff's claims against the various defendants are discussed below.

## III. DISCUSSION

*A. Slow Legal Mail*

Plaintiff alleges that unknown mail-room staffers delayed delivering to plaintiff by approximately 12 days a letter sent to him by a Judge Murphy pertaining to plaintiff's prison "grievance," which plaintiff filed with Judge Murphy.

The First Amendment protects a prisoner's right to send and receive mail, *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), and prison officials have an obligation to promptly forward mail to inmates. *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975). However, an access to courts claim requires a showing of "actual injury" as a result of the complained of action. *Lewis v. Casey*, 116

S. Ct. 2174, 2180 (1996); **Bass v. Perrin**, 170 F.3d 1312, 1320 n. 13 (11th Cir. 1999); The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. **Lewis**, 116 S. Ct. at 2181-82; **Wilson v. Blankenship**, 163 F.3d 1284 (11th Cir. 1998).

Plaintiff has not alleged that he has filed a lawsuit in Judge Murphy's unspecified court. Instead, plaintiff apparently attempted to file a prison grievance with Judge Murphy relating to plaintiff's legal mail and denial of prison meals. Prison grievances, however, must be filed with the "institution administrator" ([www.dcor.state.ga.us/Divisions/Corrections/InmateAffairs.html)](www.dcor.state.ga.us/Divisions/Corrections/InmateAffairs.html), not a judge.[1] Plaintiff has not shown that the delay in delivering Judge Murphy's letter caused him to suffer an injury relating to a criminal trial or appeal, a habeas corpus petition, or a civil rights complaint. Moreover, plaintiff failed to name specific defendants with respect to this allegation. Accordingly, plaintiff has failed to state a claim for relief under section 1983 with regard to this claim and it must be **DISMISSED**. **IT IS SO RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

---

[1] Moreover, the Eleventh Circuit has held that a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure. **Dunn v. Martin**, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); **see also Baker v. Rexroad**, 159 Fed. Appx. 61, 62 (11th Cir. 2005).

### B. Legal Addresses and Information

Although plaintiff generally alleges that the loss of his legal materials and addresses violated his right of access to the courts, plaintiff has provided no specific facts that would support plaintiff having suffered an actual injury. In its previous order, this Court directed plaintiff to state specifically how he was hindered in pursuit of his legal action, including providing the Court with the applicable case name and number. Plaintiff failed to provide such information. Moreover, the only specific materials plaintiff alleges were confiscated appear to be copies of certain provisions of the Georgia Code. Plaintiff states that he was able to find such provisions following his May 29, 2007, transfer to Montgomery State Prison. Based on the foregoing, this claim must be **DISMISSED**. **IT IS SO RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

### C. Denial of Meals

Plaintiff alleges that he was denied four meals, three of them consecutive, resulting in his not having any food on May 28, 2007. Plaintiff alleges that, as a result of missing these meals, he now suffers from unspecified "digestive and stomach problems," which require him to take a regular laxative.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement, ensuring that "inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999); *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983).

4

Plaintiff's claim against defendant Lieutenant McKissey, who is alleged to have denied plaintiff breakfast on April 25, 2007, because plaintiff grabbed the wrong tray, is not a valid claim. Missing one meal does not satisfy the "substantial deprivation" standard mentioned set forth above. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999) (denial of one meal does not give rise to constitutional violation). Accordingly, **IT IS RECOMMENDED** that Lieutenant McKissey be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

Plaintiff's claim against defendant **LIEUTENANT WILLIAMS** is a closer call because Williams allegedly denied plaintiff three consecutive meals, with plaintiff not being fed from breakfast on May 27th until breakfast on May 29th, and allegedly suffering physical injury as a result. *See e.g., Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998) (inmates who missed four consecutive meals in 32 hour period satisfied objective component of an Eighth Amendment violation). Construing this claim liberally, the Court will allow it to go forward against defendant **LIEUTENANT WILLIAMS**.

### D. Sergeant Nimms and Counselor Veal

It is unclear why plaintiff names as defendants Sergeant Nimms and Counselor Veal, as he asserts no allegations against them to show how they were involved in his claims. The complaint against Nimms and Veal should therefore be **DISMISSED**. It is so **RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### E. Commissioner James E. Donald and GDCP Warden Hall

Plaintiff sues GDOC Commissioner James E. Donald and GDCP Warden Hall because they supervise the other named defendants. A supervisor, however, may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691 (1978). Instead, "supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1360.

Plaintiff has not alleged that Donald or Hall were involved in any way with plaintiff's mail, legal materials, or meals, or that a policy or practice of either of them was a moving force behind the alleged deprivations. Moreover, plaintiff does not allege any facts which might apprise Donald or Hall of a constitutional deprivation and the need to correct it. Accordingly, **IT IS RECOMMENDED** that plaintiff's claims against Commissioner Donald and Warden Hall be **DISMISSED** and that Donald and Hall be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

### SERVICE

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon defendant **LIEUTENANT WILLIAMS only** and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

**THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!**

## DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE</u> <u>MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 5th day of NOVEMBER, 2007.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.