IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLARENCE HENRY DANIELS,

               Plaintiff

VS.

LIEUTENANT WILLIAMS,

               Defendant

NO. 5:07-CV-308 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Pending before the court are a number of motions in the above-styled case, including defendant Lieutenant Williams' MOTION TO DISMISS, which avers, *inter alia*, that the plaintiff failed to exhaust the administrative remedies available to him before filing this federal suit. Tab #18. Plaintiff Daniels responded to the defendant's motion to dismiss. Tab #20.

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all if the available administrative remedies available to him. 42 U.S.C. §1997e(a). Defendant Williams has averred that plaintiff Daniels did not complete the three-step grievance procedure in place throughout the Georgia Department of Corrections, which is explained in detail in the attachments to the defendant's motion. The Eleventh Circuit has made clear that exhaustion of administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Plaintiff Daniels' response sets forth that he did file a grievance but does not explain whether he filed a *formal* grievance or whether he appealed any denial of a formal grievance, both of which are available avenues pursuant to GDC policy. Because the plaintiff did not complete the grievance procedure, this case is not rightfully before this court and should be DISMISSED pursuant to the PLRA's exhaustion requirement.

In light of the foregoing recommendation, plaintiff's MOTION FOR MONETARY RELIEF (Tab #22) and MOTION FOR SETTLEMENT (Tab #35) are DENIED, and IT IS RECOMMENDED that plaintiff's MOTION FOR PRELIMINARY INJUNCTION (Tab #29) and AMENDED MOTION FOR PRELIMINARY INJUNCTION (Tab #32) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 28th day of MAY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE